UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK MILLER,<br><br>                      Plaintiff,<br>    v.<br>JOHN KEAST et al.,<br><br>                     Defendants. | Case No. 3:15-cv-00383-MMD-VPC<br><br>ORDER |

**I.  DISCUSSION**

On October 27, 2015, this Court ordered Defendants to file a supplemental response to Plaintiff's motion for preliminary injunction and granted Plaintiff until November 2, 2015 to file a reply. (Dkt. no. 15.) Defendants timely filed their supplement and included a declaration from Defendant John Keast. (Dkt. no. 16, 16-1.) In his declaration, John Keast states, "On October 26, 2015, [Plaintiff] was seen by Dr. Schlager, an outside provider, regarding his trach tube . . . Dr. Schlager replaced [Plaintiff's] trach tube during that appointment . . . NNCC has replacement tubes and cannulas necessary to change on a monthly basis." (Dkt. no. 16-1 at 2.)

On November 2, 2015, Plaintiff filed both a motion to extend time to file his reply and a motion for delivery of his medical records. (Dkt. no. 19, 20.) In the motion for an extension of time, Plaintiff asserts that he needs another 30 days to file his reply. (Dkt. no. 19 at 1.) Specifically, Plaintiff asserts that he needs to research the law cited in Defendants' opposition to his motion for preliminary injunction. (*Id.* at 3.) He also needs time to review 355 pages of his NDOC medical records which span the time period of

1  December 2013 through February 2015 in order to file an adequate reply. (*Id.* at 4.)
2  Plaintiff argues that he needs to review his medical records in order to respond to
3  Defendants' assertion that he "cannot establish a strong likelihood of success on the
4  merits as to his Eighth Amendment cruel and unusual punishment claim." (*Id.*) Plaintiff
5  contends that he owns the 355 pages of medical records but that they are stored with the
6  NNCC medical records keeper. (*Id.* at 5.) In the motion for delivery of medical records, he
7  seeks an order from this Court to direct Defendants to deliver his medical records to him
8  for his review. (Dkt. no. 20 at 2.)

9  The Court denies the motions for an extension of time (dkt. no. 19) and delivery of
10 Plaintiff's medical records (dkt. no. 20). The Court finds that Plaintiff is attempting to
11 engage in a form of discovery in order to prove the validity of his Eighth Amendment
12 deliberate indifference to serious medical needs claim. Pursuant to the screening order,
13 this case is stayed for 90 days to permit Plaintiff and Defendants an opportunity to settle
14 before the discovery process begins on Plaintiff's claims. (Dkt. no. 8 at 10.) As such,
15 Plaintiff shall have the opportunity to prove the validity of his Eighth Amendment claim at
16 a later time, if necessary.

17 Even though the Court denies Plaintiff's motions, the Court does order Defendants
18 to file a second supplemental response in light of the allegations in Plaintiff's motion for
19 an extension of time. In Plaintiff's declaration attached to that motion, Plaintiff asserts that
20 Dr. Schlager did change out Plaintiff's trach tube on October 26, 2015. (Dkt. no. 19 at 11.)
21 However, when Plaintiff looked in the mirror to examine the trach tube, he discovered that
22 Dr. Schlager had inserted a trach tube that required reusable twist-lock inner cannulas.
23 (*Id.*) This trach tube was not compatible with the inner cannulas that Plaintiff had. (*Id.* at
24 11-12.) After discussions with Nurse Mitchell, she and Plaintiff determined that Plaintiff
25 had a supply of inner cannulas that would not work with Plaintiff's new trach and that the
26 only usable inner cannula was the one currently inserted into Plaintiff. (*Id.* at 13-14.)
27 Plaintiff told Nurse Mitchell that the new inner cannula was reusable and that he had the
28 instructions on how to clean and reuse them. (*Id.* at 14.) Nurse Mitchell confirmed that

2

1 NNCC had ordered the incorrect trach and told Plaintiff that she would make sure Plaintiff had the correct cleaning supplies. (*Id.* at 15.) She also told Plaintiff that he should "be alright cleaning and reusing that new inner cannula until [she could] get all of this straightened out. And, when Dr. Schlager [came] back in six weeks, [she would] have him give [Plaintiff] some patient education on how to change [the] trachs [himself]." (*Id.*) Another nurse confirmed that NNCC did not have any compatible inner cannulas for Plaintiff in their supply. (*Id.* at 17.)

Plaintiff's allegations raise the following concerns for the Court: (1) has NNCC ordered Plaintiff the correct inner cannula tubes; (2) has Plaintiff received the correct inner cannula tubes; (3) has a medical professional properly instructed Plaintiff on how to clean and change his inner cannula tubes; and (4) has Plaintiff received the correct cleaning supplies to properly clean and change his inner cannula tubes? Accordingly, the Court directs Defendants to file a second supplemental response within 7 days to address these concerns. Plaintiff will have 10 days from Defendants' filing of their second supplement to file his reply. In filing his reply, Plaintiff should focus on the element of irreparable harm in the absence of preliminary relief rather than on the likelihood of success on the merits.[1] After reviewing the supplement and reply, the Court may set this matter for a hearing if the briefing does not adequately address the Court's concerns.

/ / /
/ / /
/ / /
/ / /

---

[1] Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for extension of time (dkt. no. 19) is denied.

It is further ordered that the motion for delivery of medical records (dkt. no. 20) is denied.

It is further ordered that Defendants file a second supplemental response to the motion for preliminary injunction within 7 days from the date of entry of this order.

It is further ordered that Plaintiff will have 10 days from the date that Defendants file their second supplemental response to file a reply.

DATED THIS 3rd day of November 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE