UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK MILLER,<br><br>　　　　　　Plaintiff,<br>　v.<br>JOHN KEAST et al.,<br><br>　　　　　　Defendants. | Case No. 3:15-cv-00383-MMD-VPC<br><br>ORDER |

## I.　DISCUSSION

On November 3, 2015, this Court entered an order directing Defendants to file a second supplemental response to Plaintiff's motion for preliminary injunction. (Dkt. no. 6, 21.) The Court ordered Defendants to address whether NNCC had ordered Plaintiff the correct inner cannula tubes, whether Plaintiff had received the correct inner cannula tubes, whether Plaintiff had received instruction from a medical professional on how to properly clean and change his inner cannula tubes, and whether Plaintiff had received the correct cleaning supplies to properly clean and change his inner cannula tubes. (Dkt. no. 21 at 3.)

On November 10, 2015, Defendants filed their second supplemental response and included a declaration from John Keast. (Dkt. no. 23, 23-1.) John Keast's declaration states the following: On October 26, 2015, Plaintiff saw Dr. Schlager, an outside provider, about his trach tube. (Dkt. no. 23-1 at 2.) NNCC obtained a trach tube from the Carson Tahoe Hospital because Plaintiff's trach tubes had not yet arrived at NNCC. (*Id.*) The tube from the hospital was a twist-lock trach tube with reusable

cannulas. (*Id.*) Plaintiff had previously used a trach tube with snap or clip-in cannulas. (*Id.*) Dr. Schlager replaced Plaintiff's trach tube with twist-lock cannulas. (*Id.*) "NNCC now has supplies of both twist-lock trach tubes and cannulas and clip-in trach tubes and cannulas." (*Id.*) Dr. Schlager will see Plaintiff in December to replace the trach tube to the same clip-in trach that Plaintiff had used before. (*Id.*) Plaintiff "has been given instruction on how to properly clean and change his inner cannula" and "has also been given a trach tube cleaning tray with supplies and is able to clean the reusable cannula as needed." (*Id.*) "In the event that Plaintiff runs low on cleaning supplies, all he has to do is submit a kite and medical staff will replenish his cleaning supplies." (*Id.* at 3.) Plaintiff has been cleaning his own trach tube cannulas since the twist-lock trach was inserted by Dr. Schlager." (*Id.*)

On November 19, 2015, Plaintiff filed a reply. (Dkt. no. 24.) In the reply, Plaintiff argues that Defendants have established a track record of failing to ensure that he has adequate supplies of replacement tubes and that the Court should grant preliminary relief. (*Id.* at 9.) He asserts that, on November 16, 2015, Dr. Schlager visited Plaintiff and "finally had the correct trach tube and snap-lock inner cannula" for him to use. (*Id.* at 12.) After Dr. Schlager instructed Plaintiff on how to change his tube, Melissa Mitchell, R.N.,[1] held up a mirror for Plaintiff while he changed out his trach tube successfully himself. (*Id.*) Plaintiff notes that Defendants have finally provided him "with a constitutionally adequate level of medical care for his serious trach tube and accessories medical needs." (*Id.* at 13.) Plaintiff asserts that if the Court denies his motion for preliminary injunction, he would like to the Court to grant him leave to re-file another motion if Defendants fail to maintain the "current constitutional status quo for his trach tube and accessories serious medical needs." (*Id.* at 17.)

///

///

---

[1] Plaintiff states that he wants to go on the record as stating that Melissa Mitchell, R.N., "is the most competent and professionally responsible nurse he has ever received medical care from at NNCC."  (Dkt. no. 24 at 12.)

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies Plaintiff's motion for preliminary injunction. (Dkt. no. 6.) After reviewing the supplemental responses and replies, the Court finds that Plaintiff is unlikely to suffer irreparable harm at this time in the absence of preliminary relief. Based on the second supplemental response and Plaintiff's reply, Plaintiff has a new trach tube, replacement supplies, and has the medical instruction and supplies necessary to clean and change his tube. Plaintiff may file another motion for preliminary injunction in the future if Plaintiff is unable to obtain the tubes and cleaning supplies necessary to maintain his trach tube.

## II.  CONCLUSION

For the foregoing reasons, it is ordered that the motion for preliminary injunction (dkt. no. 6) is denied.

DATED THIS 23rd day of November 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE